**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------x
JOSEPH WHITE,                                         :
on behalf of Plaintiff and a class,                   :
                                                      :
                          Plaintiff,                  :
                                                      :
              vs.                                     :
                                                      :
CREDIT CONTROL, LLC,                                  :
                                                      :
                          Defendant.                  :
------------------------------------------------------x
```

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Joseph White brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Credit Control, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4. Personal jurisdiction and venue in this District are proper because Defendant's collection letter was received here.

## PARTIES

### Plaintiff

5. Plaintiff Joseph White is a natural person residing in Brooklyn, New York.

### Defendant

6. Defendant Credit Control, LLC is a limited liability company organized

under Missouri law with its principal office at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042. It does business in New York, sometimes using the registered assumed name "Credit Control & Collections, LLC." Its registered agent and office is C T Corporation System, 28 Liberty St., New York, New York, 10005.

7. Defendant Credit Control, LLC is engaged in the business of a collection agency, collecting consumer debts for others and using the mails and telephone system for that purpose. It states on its web site (https://www.credit-control.com/about-us/who-we-are/) that it "started in 1989 and currently serves over 450 clients. . . . We are a nationally licensed, full-service receivables organization. We provide customized solutions to meet the individual revenue cycle needs of each of our clients. Credit Control has continued to focus on partnering with clients to collect past-due accounts receivable balances and develop strategies to further maximize their financial results. . . ."

8. On information and belief, Defendant Credit Control, LLC has over 300 employees.

9. Defendant Credit Control, LLC is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

10. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

11. On or about July 7, 2020, Defendant Credit Control, LLC caused a letter vendor to send Plaintiff the letter in Exhibit A.

12. The letter bears markings that are characteristic of one generated by a letter vendor.

13. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

14. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

15. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

17. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

18. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

19. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

20. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

21. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

22. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt --

then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

23. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

24. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

25. Plaintiff incorporates paragraphs 1-24.

26. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

27. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class.

29. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

30. Plaintiff may alter the class definition to conform to developments in the case and discovery.

31. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman

KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**

**Credit Control, LLC dba Credit Control & Collections, LLC**
5757 Phantom Drive, Suite 330
Hazelwood, MO  63042
866-213-0217

| | |
|---|---|
| Letter Date | Hours of Operation (CT) |
| 07/07/2020 | M-TH 8a.m.-7p.m |
| | F 8a.m.-5p.m.  SA 8a.m.-12p.m |

## Your Account Information

| | |
|---|---|
| Current Creditor: ▇▇▇ | Our Acct.#: ▇▇▇9781 |
| Original Creditor: ▇▇▇ | Chase Acct.#: ***********8896 |
| | Amount Due: ▇▇▇ |

The total amount of the debt due as of charge-off: ▇▇▇
The total amount of interest accrued since charge-off: ▇▇▇
The total amount of non-interest charges or fees accrued since charge-off: ▇▇▇
The total amount of payments made on the debt since charge-off: ▇▇▇

## Important Notice

Dear JOSEPH WHITE, please be advised the above-referenced account has been placed with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, please submit payment in the amount of ▇▇▇ via any of the convenient options below.

## Payment Instructions

- Make a payment via our website at www.credit-control.com.
- Submit payment via U.S. mail to: PO Box 189, HAZELWOOD  MO 63042. Please include your account number in the memo section of your check or money order.
- Call us toll-free at 866-213-0217 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Stephan Agbigbe.

## Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.  If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: (1) Supplemental security Income, (SSI); (2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

FOR NEW YORK CITY RESIDENTS ONLY (pursuant to the requirements of the NYC Department of Consumer Affairs): Credit Control, LLC is licensed by the New York City Department of Consumer Affairs for: 5757 Phantom Dr., Suite 330, Hazelwood, MO 63042 #2088093-DCA; 9929 Race Track Road, Tampa, FL 33626 #2088099-DCA; 8001 Woodland Center Blvd. Suite 200, Tampa, FL 33614 #2088105-DCA; 5555 Redwood Dr., Suite 120, Las Vegas, NV 89118 #2088116-DCA

**NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE**