UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH WHITE,<br><br>         Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>         Defendants. | CASE NO. 1:21-cv-03068-BMC<br><br>CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES |

**CREDIT CONTROL, LLC's ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Credit Control, LLC ("Credit Control"), by and through its counsel, hereby answers the Complaint of Plaintiff, Joseph White ("Plaintiff") as follows:

**INTRODUCTION**

1.      Credit Control admits Plaintiff brings this action alleging violations of the FDCPA. Credit Control denies the conduct alleged and denies violating the FDCPA. The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

2.      This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

3.      Credit Control denies this paragraph.

4.      This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## PARTIES

### Plaintiff

5. Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same

### Defendant

6. Credit Control admits this paragraph.

7. Credit Control admits it engages in the collection of debts using various media and forms of communication. Credit Controls states that the quoted passages from the web address listed speak for themselves.

8. Credit Control admits the allegations of this paragraph.

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

10. Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

11. Credit Control denies as written, as it does not understand the phrase "caused a letter vendor to send". Credit Control admits only that a company other than itself was hired for purposes of mailing the letter marked as Exhibit A, and, upon information and belief, that company did in fact mail exhibit A. Credit Control is without sufficient information to admit or deny the remaining allegations of paragraph 11 and therefore Credit Control denies the remaining allegations of paragraph 11. Further, the letter represented in Exhibit A speaks for itself.

12. Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

13. Credit Control denies the allegations of paragraph 13.

14. Credit Control denies the allegations of paragraph 14.

15. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, states that the FDCPA's phrasing speaks for itself.

16. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, states that the FDCPA's phrasing speaks for itself.

17. Paragraph 17 states legal conclusions, including the statutorily defined term "communication", and therefore no response is required. To the extent that an answer is required, Credit Control denies any "communication" and "communication in connection with the collection of a debt" as these terms/phrases are defined under the FDCPA. Defendant denies any company assisting in the mailing of correspondence is a "third-party". Credit Control denies all remaining allegations of this paragraph.

18. Paragraph 18 states legal conclusions to which no answer is required. To the extent that an answer is required, Credit Control lacks sufficient information to admit or deny the allegations of paragraph 18 (which also do not define what is "personal or confidential information") and accordingly denies same. Defendant does not understand what "or otherwise" means and accordingly denies this allegation.

19. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that the FDCPA speaks for itself.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies that it communicated with a third party in connection with the collection of a debt as these terms and phrases are defined and denies that its use of a company to assist in mailing collection letters qualifies as a communication, or a

communication in connection with the collection of a debt, or a communication to a third party, or a communication to a third party without consent. Defendant denies all remaining allegations of paragraph 20.

21. Defendant denies the existence of a communication as defined by the FDCPA. Defendant denies the remaining allegations of paragraph 21.

22. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

23. Paragraph 23 states legal conclusions to which no answer is required. To the extent that an answer is required, Credit Control denies the existence of a "communication" as the term is defined under the FDCPA, denies any information transmitted was to a "third-party" and denies each and every remaining allegation of paragraph 23.

24. Credit Control denies the occurrence of the conduct described, denies the existence of an unauthorized third-party, and denies each and every other allegation of paragraph 24.

**COUNT I – FDCPA**

25. Credit Control reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

26. Paragraph 26 states legal conclusions to which no answer is required. Credit Control denies the conduct described in paragraph 26 and denies each and every allegation of paragraph 26 including the existence of a "third-party" as it understands the term.

27. Paragraph 27 states legal conclusions to which no answer is required. Credit Control denies the conduct described in paragraph 27 and denies each and every allegation of paragraph 26 including the existence of a "third-party" as it understands the term.

## CLASS ALLEGATIONS

28. Credit Control admits Plaintiff is seeking to certify a class. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

29. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

30. Credit Control admits Plaintiff purports to name a class and purports to signal its intent to change that class definition based upon developments in the case. The remainder of this paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Credit Control denies this paragraph. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

31. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

32. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

33. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph.

34. Credit Control denies that such an alleged class exists, that it is liable to Plaintiff or any member of the alleged class, and/or that Plaintiff or any member of the alleged class suffered injury or damages. The remainder of this paragraph and its subparts state legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies this paragraph and its subparts.

(UNNUMBERED PARAGRAPH) This Paragraph and its subparts make up a prayer for relief, to which no response is necessary. To the extent a response is required, Credit Control denies the existence of the alleged class, denies the conduct alleged, denies it violated the FDCPA, denies Plaintiff or any member of the alleged class was damaged, and denies Plaintiff is entitled to the damages listed in this paragraph and its subparts.

## **AFFIRMATIVE DEFENSES**

I. To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II. Plaintiff's damages, if any, were pre-existing and were not caused by Credit Control.

III. Plaintiff failed to mitigate his claimed damages, if any.

IV. Plaintiff proximately caused his own damages, if any.

V. Plaintiff has not suffered a concrete injury-in-fact, and therefore lacks standing.

VI. Plaintiff has failed to state a claim upon which relief may be granted.

VII. Plaintiff's damages, if any, are the result of the actions of third parties over whom Credit Control has no control.

VIII. Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

WHEREFORE, Defendant Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

**[SIGNATURES AND SERVICE FOLLOW ON NEXT PAGE]**

Dated: June 23, 2021

Respectfully Submitted,

**MALONE FROST MARTIN PLLC**

*Attorneys for Defendant*

By:/s/ PATRICK A. WATTS
Patrick A. Watts, #61701
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
pwatts@mamlaw.com
P: (314) 669-5490
F: (888) 632-6937

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system on this 23rd day of June, 2021, to:

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
akleinman@kleinmanllc.com

Heather Kolbus
Edelman, Combs, Latturner, & Goodwin, LLC
20 South Clark Street, Ste. 1500
Chicago, IL 60603
312-917-4512
hkolbus@edcombs.com

By:/s/ Patrick A. Watts